Foot, J.
After a careful examination of the testimony in this cause, I am satisfied that there was not sufficient evidence to authorize a submission to the jury of the ques *280 tion whether the will in controversy was in existence at the death of the testator; and a fortiori not sufficient to justify proof of its contents.
I concur in the views, of the facts and law of the case, taken by the supreme court, and neatly and appropriately expressed by Mr. Justice Mason.
The counsel for the appellant directed our attention to, the rule that the presumption of the revocation of a will, resting on the fact that it could not be found after the testator’s death, is rebutted by proof that the will before his death was really or practically in the possession of a person whose interests were adverse to it, and then argued, that the respondent was such person in this case. But the bill of exceptions furnishes no proof that the will, in any aspect, was ever in her possession. It can only be said on the testimony, that by living with her father, and he being old and feeble, she had facilities for rifling his desk and destroying his will.
Judgment affirmed with costs.